UNITED STATES COURT OF INTERNATIONAL TRADE

---------------------------------------------------------------------x

ADC TELECOMMUNICATIONS, INC.                          :
                                                                          :
                                        Plaintiff,               :              Court No. 13-400
                                                                          :              Reserve Calendar
                          v.                                         :
                                                                          :
UNITED STATES,                                                  :
                                                                          :
                                        Defendant.             :

---------------------------------------------------------------------x

## <u>COMPLAINT</u>

Plaintiff, through its undersigned attorneys, alleges the following as its complaint in the case:

1.      Plaintiff is the importer of record.

2.      The protest and summons herein were timely filed.

3.      All liquidated duties have been paid.

4.      The merchandise at issue in this case consists of three different types of value added modules:  wave division multiplexer ("WDM") modules, monitor modules, and splitter modules (hereinafter collectively referred to as the "subject merchandise").

5.      U.S. Customs & Border Protection (hereinafter "Customs") liquidated the entries containing the subject merchandise with classification of the subject merchandise under Harmonized Tariff Schedule of the United States ("HTSUS") subheading 9013.80.90.

6.      HTSUS subheading 9013.80.90 provides for "other devices, appliances and instruments" of heading 9013 and has a duty rate of 4.5% *ad valorem*.

7.      HTSUS heading 9013 covers, among other things, "other optical appliances and instruments, not specified or included elsewhere in" chapter 90.

8.      The subject merchandise is used exclusively by telecommunications companies to assist in the transmission and reception of digital voice, image and data across advanced, high-speed broadband networks.

9.       WDM modules are used to permit a single optical fiber to carry signals of different wavelengths, thereby increasing the transmission capacity of optical networks.

10.     Splitter modules take individual signals from a single optical fiber and divide them, enabling that single wavelength signal to reach multiple subscribers.

11.     Monitor modules split optical signals asymmetrically, permitting non-intrusive testing of optical fiber circuits.

12.     The subject merchandise operates on light having wavelengths in the range of 1260 nanometers to 1625 nanometers.

13.     Wavelengths of light in the range of 1260 nanometers to 1625 nanometers are outside the range of human vision.

14.     Human vision is most sensitive to light in the range of 380 to 720 nanometers in wavelength.  See, e.g., Encyclopedia of Science and Technology, 8th Edition, Volume 19, p. 287 (McGraw Hill, 1997).

15.     As devices used solely to multiplex, split or monitor signals for transmission of data over optical fiber cables in telecommunications networks, the subject merchandise does not "permit or enhance human vision," and the optical output of these items is never visible during normal operation.

## CAUSE OF ACTION

16.     The averments set forth in ¶ 1, to and including ¶ 15, <u>supra</u>, are herein incorporated by reference.

17.     HTSUS General Rule of Interpretation ("GRI") 1 provides that "classification shall be determined according to the terms of the headings and any relative section or chapter notes."

18.     Additional U.S. Note 3 to HTSUS Chapter 90 provides that for purposes of Chapter 90 "the terms 'optical appliances' and 'optical instruments' refer only to those appliances and instruments which incorporate one or more optical elements, but do not include any appliances or instruments in which the incorporated optical element or elements are solely for viewing a scale or for some other subsidiary purpose."

19.     The subject merchandise is not described as "optical appliances" or "optical instruments" within the meaning of Additional U.S. Note 3 to HTSUS Chapter 90 as those tariff terms have been interpreted by the U.S. Court of Appeals for the Federal Circuit in <u>Celestaire v. United States</u>, 120 F. 3d 1232 (Fed. Cir. 1997), which decision constitutes the best evidence of its contents, because the subject merchandise does not "enhance human vision" as is required for an article to be considered "optical" under the test established in that decision.  The <u>Celestaire</u> test to determine whether a device is optical for purposes of Chapter 90 requires that:  (a) the device acts on or interacts with light; (b) the device permits or enhances human vision through the use of one or more optical elements; and, (c) the device uses the optical properties of the device in something more than a "subsidiary" capacity.

20.    Heading 8517 of the HTSUS provides for: "- Telephone sets, including telephones for cellular networks or for other wireless networks; other apparatus for the transmission or reception of voice, images or other data, including apparatus for communication in a wired or wireless network (such as a local or wide area network), other than transmission or reception apparatus of heading 8443, 8525, 8527 or 8528; parts thereof."

21.    Subheading 8517.62 of the HTSUS covers "Machines for the reception, conversion and transmission or regeneration of voice, images or other data, including switching and routing apparatus."

22.    Within HTSUS subheading 8517.62, there are two further subheadings: 8517.62.0010, which covers certain modems, and 8517.62.0050, which covers "other" articles of HTSUS subheading 8517.62.

23.    According to the Explanatory Notes, heading 8517:

> covers apparatus for the transmission or reception of speech or other sounds, images or other data between two points by variation of an electric current or optical wave flowing in a wired network or by electro-magnetic waves in a wireless network.  The signal may be analogue or digital. The networks, which may be interconnected, include telephony, telegraphy, radio-telephony, radio-telegraphy, local and wide area networks.

24.    Examples of items classified in heading 8517 are provided in the Explanatory Notes and include network interface cards (e.g., ethernet interface cards), modems (combined modulators-demodulators), routers, bridges, hubs, repeaters and channel to channel adaptors, and multiplexers and related line equipment (e.g., transmitters, receivers or electro-optical converters).

25.     As devices used to assist in the transmission of video, voice and other data in optical telecommunication networks, the subject merchandise falls squarely within the terms of heading 8517.

26.     From 2010 to 2011, Customs agreed with Plaintiff's claims.

27.     During the time period referenced in paragraph 26, Customs approved over 40 of Plaintiff's protests.

28.     In the protests described in paragraph 27, Plaintiff claimed that merchandise substantially identical to the subject merchandise at issue in this litigation was classified in HTSUS subheading 8517.62.00 and not in HTSUS subheading 9013.80.90.

29.     In denying Plaintiff's protest at issue in this litigation, Customs cited New York Ruling Letter ("NYRL") L80881, dated December 1, 2004, and issued to Plaintiff, as authority for its denial of Plaintiff's protest.

30.     Customs erred in denying Plaintiff's claim for classification of the subject merchandise here under HTSUS heading 8517.

31.     The merchandise at issue is properly classifiable under HTSUS subheading 8517.62.0050 as machines for the reception, conversion and transmission or regeneration of voice, images or other data, including switching and routing apparatus" and should be assessed at a free rate of duty.

WHEREFORE, plaintiff requests that Customs' classification of the subject merchandise be overruled and that plaintiff's claims be sustained, and that the appropriate Customs officials be directed to reliquidate the involved entries accordingly, and refund the excess duties collected, with lawful interest.

Respectfully submitted,

PISANI & ROLL LLP
Attorneys for Plaintiff

By: _____
Michael E. Roll
1875 Century Park East
Suite 600
Los Angeles, CA 90067
Tel: (310) 826-4410

Dated: April 3, 2014